## Krause v. Krause

*James L. Atkins*, for plaintiff.

*Philip S. Davis* and *Daniel H. Huyett, 3rd,* for defendant.

DAVIS, P. J. (43rd Judicial District, Specially Presiding), November 8, 1961.—This matter is before the court on a rule obtained by defendant, Freda C. Krause, to show cause why an issue to try the matters of fact averred by plaintiff and denied by petitioner shall not be formed and tried before a jury.

On January 29, 1959, Allen H. Krause, plaintiff, filed a complaint in divorce against Freda C. Krause, defendant, his wife, alleging as grounds therefor indignities and cruel and barbarous treatment. Subsequently, plaintiff filed a bill of particulars and defendant filed an answer to the complaint denying generally the material allegations thereof. This matter originally came before Judge Ehrgood, who later relinquished his position as judge. Judge Gates who succeeded Judge Ehrgood disqualified himself to act in this particular matter, and the Supreme Court assigned the writer of this opinion to preside in the matter.

Lebanon County makes use of the master system in divorce cases. Plaintiff has been a member of the bar in Lebanon County since 1940, and only recently relinquished the position of president of the bar asso-

ciation. There are approximately 34 members of the bar of the county. As in all small bar associations, each of the members is acquainted with all of the other members and more or less frequently has professional and other contacts with the other members of the bar. There was testimony to the effect that defendant had difficulty in obtaining representation by a local member of the bar and the question was finally resolved by an attorney from Berks County associating with a local member of the bar, Mr. Davis, to conduct the defense. Although the record does not disclose it, we are reliably informed that Mr. Davis of defense counsel is now president of the bar association.

Defendant agrees that a jury trial will be granted only where the court finds there is a special reason sufficient to convince it that the issue should be tried by a jury: Jennings v. Jennings, 6 Lebanon 353; Radon v. Radon, 22 Lehigh 289. However, defendant contends that the close association of the members of a bar, one with another, both professionally and otherwise, the standing and experience of plaintiff amongst the other members of the bar, his position in the bar association constitute that special reason which should move the court in its discretion to grant a jury trial.

We can understand defendant's concern in this regard. We can also understand that probably no master would take up his duties with pleasure under these circumstances. However, our experience has been that when a responsibility is placed on a lawyer he accepts it and acts with fidelity to the best of his ability. Having previously presided over one term of court in Lebanon County during an illness of Judge Ehrgood, we are convinced that the members of this bar would likewise meet their responsibility if called upon to do so.

In any event, the final responsibility rests on the court, except in the case of jury trial.

Section 35 of the Act of May 2, 1929, P. L. 1237, (The Divorce Law) provides as follows:

"After service on the respondent, in the manner aforesaid, or entry of a general appearance for the respondent, if either of the parties shall desire any matter of fact that is affirmed by one and denied by the other to be tried by a jury, he or she may take a rule upon the opposite party, to be allowed by a judge of the court, to show cause why the issues of fact set forth in said rule shall not be tried by a jury, which said rule shall be served upon the opposite party or his or her counsel.

"Upon the return of said rule, after hearing, the court may discharge it, or make it absolute, or frame issues itself, and only the issues as ordered by the court shall be tried accordingly, but such rule shall not be made absolute when, in the opinion of the court, a trial by jury cannot be had without prejudice to public morals."

Rule 1133 of the Pennsylvania Rules of Civil Procedure provides as follows:

"After the action is at issue, the court shall hear the testimony, or upon its own motion or the motion of either party may appoint a master to hear the testimony and return the record and a transcript of the testimony to the court, together with his report and recommendation."

We believe there would be no evil in having this matter heard in the usual way by a master: Kehoe v. Kehoe, 83 D. & C. 229. We do believe that there is enough in the situation to possibly cause the appearance of evil. In relation to the administration of justice that ought to be avoided whenever possible. Counsel for defendant argues that, in some respects at least, a judge would be in the same position as a master, and therefore should not hear and determine the

case. We do not believe that this contention is correct. Of necessity, in our opinion, and without exception, amongst the judges we have known in this Commonwealth there exists a barrier between judge and attorney even where the judge is a member of the same bar, which does not exist of necessity between attorneys. However, since Judge Gates has wisely removed himself from the picture, and we have had no association of any moment with either of the parties, it would seem there is no need for further consideration of the matter.

The established facts disclose no special reason or unusual state of facts which require that a jury trial be had in this matter.

Plaintiff contends that a trial by jury could not be had without prejudice to public morals. The bill of particulars filed by plaintiff sets forth, inter alia, that defendant accused plaintiff of being a sexual pervert with designs on their son, now approximately 13 years of age. Although defendant has denied the averments of the complaint generally, there is no specific denial of this particular allegation. What testimony may develop in the trial of the case in relation to this particular matter we cannot now determine. Certainly, evidence of sexual perversion, particularly with young children involved, is prejudicial to public morals. Although not a sufficient reason for refusing a jury trial, the effect of the same might be extremely prejudicial to the welfare of the children of these parties, both of tender years. We would also refuse a jury trial on the basis of prejudice to public morals.

## Order

And now, November 8, 1961, the within petition and rule are denied and it is hereby ordered and directed that the matter come on for hearing before the court as soon as a suitable date therefor may be estab-

lished; any local rules of court inconsistent with this order are hereby suspended in this particular case.